Johnson,!.
Whatever hardship may exist in this case, A am satisfied that the plamtiii is not entitled to recover. The contract itself, imports very clearly that the hiring was for the entire year. The undertaking of the plaintiff was', that his negro should serve the defendant for one year, for which the defendant was to pay the gross sum contained in the note, on which the action was brought. The plaintiff, by his own act in neglecting to satisfy the execution which was levied on the negro, has prevented the execution of the contract, and the court has no authority to substitute a new one in its stead, or to interpolate other conditions, without the consent of the defendant. At first, it struck me that possibly the case might fall within the exception which obtains in Eng-land, in relation to hired servants, noticed in the opinion of the court in Gafney v. Myers:* hut that proceeds on the general understanding there, that they are to receive wages for the time they serve, without reference to the time for which they were hired. There is no proof of any such understanding with respect to the hiring of slaves here — on the contrary, my own experience and observation is, that the reverse is true, especially with respect to slaves hired for field labour. The object of hiring them is not accomplished until the crop is made and gathered, *403 and that consumes the year. Their places, as in cases of hired servants in England, cannot be readily supplied, and the same difficulty would occur in procuring one to keep a ferry; and besides, this negro was partially employed in the field.
Clinton, for the motion.
Witherspoon, contra.
Motion■ dismissed..
O’Neall & Harper, Js. concurred.

 Columbia May, 1831.